UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In the Matter of an Application to<br>Enforce Administrative Subpoena of the<br><br>U.S. Commodity Futures Trading Commission,<br><br>Applicant,<br><br>v.<br><br>The McGraw-Hill Companies, Inc.<br><br>Respondent. | Case No.: 1:07-mc-00169 (MISC.)<br>Assigned To: Urbina, Ricardo M. |

## U.S. COMMODITY FUTURE TRADING COMMISSION'S MOTION, TO TREAT AS *CONCEDED* ITS APPLICATION FOR AN ORDER TO SHOW CAUSE AND AN ORDER REQUIRING COMPLIANCE WITH ADMINISTRATIVE SUBPOENA

The United States Commodity Futures Trading Commission ("Commission" or "CFTC"), by its counsel, respectfully moves this Court pursuant to Local Rule of Civil Procedure 7(b) of the Rules of the United States District Court for the District of Columbia ("Local Rule") (effective October 12, 2006), LCvR 7(b), for an Order treating its *Application for an Order to Show Cause and an Order Requiring Compliance with Administrative Subpoena* ("*Application*") conceded by McGraw-Hill Companies, Inc. ("McGraw-Hill"). In support of this Motion, the Commission states:

### STATEMENT OF POINTS AND AUTHORITY

1.  On April 30, 2007, the Commission filed the *Application*, and a Memorandum of Points and Authorities in Support of the *Application*, requesting this Court's assistance in

**RECEIVED**

JUN 1 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

compelling McGraw-Hill's compliance with a subpoena *duces tecum* issued by the Commission to McGraw-Hill on December 15, 2006 ("Subpoena"). In support of that *Application*, the Commission filed a Motion to File the Declaration of Kathleen M. Banar ("*Banar Declaration*") Under Seal ("Motion to Seal"), and the *Banar Declaration* (submitted under seal pending this Court's ruling on the Motion to Seal).

2. On May 1, 2007, the Commission served on counsel for McGraw-Hill a copy of the *Application*, Memorandum, and Motion to Seal. The Commission served on counsel for McGraw-Hill a copy of the *Banar Declaration* on May 2, 2007, in a sealed enveloped marked "submitted under seal." *See* Local Rule 5(j)(2), LCvR 5 (j)(2).

3. On May 10, 2007, the parties filed a joint motion setting forth a briefing schedule relating to the *Application* ("Joint Briefing Schedule"). As per the Joint Briefing Schedule, McGraw-Hill's Opposition to the *Application*, if any, was due on June 1, 2007, *i.e.*, thirty (30) days after service of the *Application* and all supporting materials.

4. On June 1, 2007, McGraw-Hill served on the Commission a "*Memorandum of Law in Opposition to the CFTC's Motion to Compel and In Support of McGraw-Hill's Motion for Protective Order*," and certain supporting declarations (collectively, "Opposition").[1]

5. To date, however, <u>McGraw-Hill has failed to file with this Court any Opposition to the *Application*</u>. Nor has McGraw-Hill filed with this Court any document explaining and

---

[1] The Opposition contained a number of statements containing information and/or materials referenced within or attached to the *Banar Declaration*, which information and materials were filed by the Commission, along with its Motion to Seal, under seal. On information and belief, this Court has not yet ruled on the Commission's Motion to Seal. Accordingly, pursuant to Local Rule 5.1(j)(1), LCvR 5.1(j)(1), all materials filed with a Motion to Seal must be treated by the parties as confidential and subject to seal pending this Court's disposition of the Commission's Motion to Seal. *See* LCvR 5.1 (j)(1).

justifying its failure to timely file an Opposition or seeking an enlargement of time to file timely an Opposition within the proscribed time-period set forth in the Joint Briefing Schedule.[2]

6. Because the Opposition contained no reference in the caption indicating that it had been submitted under seal, *see* LCvR 5.1 (j)(2), counsel for the Commission contacted counsel for McGraw-Hill on June 6, 2007 via telephone to inquire whether the Opposition had been filed under seal, as required by Local Rule 5.1(j)(1), LCvR 5.1(j)(1), pending this Court's disposition of the Commission's Motion to Seal. Counsel for McGraw-Hill advised that it had not filed the Opposition with this Court. *See Declaration of Kim G. Bruno* attached hereto as Exhibit 1.

7. By an email dated June 11, 2007, counsel for the Commission again asked counsel for McGraw-Hill if McGraw-Hill had filed its Opposition with this Court. McGraw-Hill's counsel advised that it had not filed the Opposition. *See Declaration of Kim G. Bruno* attached hereto as Exhibit 1, and Attachment A thereto (email dated June 11, 2007 from Kathleen M. Banar ("Banar") (counsel for the Commission) to Carolyn K. Foley ("Foley") (counsel for McGraw-Hill)) and Attachment B thereto (response email dated June 11, 2007 from Foley to Banar).

8. Local Rule 7(b), LCvR 7(b), sets forth the time limits for submitting oppositions to motions, or in this case the *Application*, and states:

> Within 11 days of the date of service or at such time as the Court may direct, an opposing party shall ***serve and file*** a memorandum of points and authorities in opposition to the motion. ***If such a memorandum is not filed within the proscribed time, the Court may treat the motion as conceded.***

(Emphasis supplied).

---

[2] The only substantive document McGraw-Hill has filed with this Court is a partial opposition to the Commission's Motion to Seal.

3

9.  McGraw-Hill has had ample time, indeed, more than forty (40) days, to file an opposition to the *Application* with this Court. Because has failed to do so – without any explanation to this Court, the Commission's *Application* should be treated as conceded and McGraw-Hill should be required to produce forthwith the information and documents requested in the Subpoena. *Fox v. American Airlines,* .389 F.3d 1291, 1294 (D.C. Cir. 2004) ("The Rule is a docket-management tool that facilitates efficient and effective resolution of motions by requiring the prompt joining of issues."), *Twelve John Does v. District of Columbia,* 117 F.3d 571, 577 (D.C. Cir 1997).

10. Should the Application not be treated as conceded, and McGraw-Hill permitted to file its Opposition at this late date, the Commission will suffer substantial prejudice. As per the Joint Briefing Schedule, the Commission's reply memorandum to McGraw-Hill's "Opposition" is due June 15, 2007. Given McGraw-Hill's failure to file any such "Opposition," the Commission has now been placed in an impossible situation, *i.e.*, either (i) filing a reply memorandum by the June 15th due date to a document <u>that has not been submitted to and thus is not before this Court;</u>[3] (ii) not filing a reply memorandum by the due date to such a hypothetical document and risk losing the opportunity to reply to McGraw-Hill's gamesmanship;[4] or (3) file a reply memorandum after McGraw-Hill files (apparently, whenever, or if ever, it decides to get around to it) an Opposition with this Court, thereby delaying resolution of the merits of the

---

[3] Although McGraw-Hill has served on the Commission a copy of what purports to be its Opposition to the *Application*, the Commission has no way of knowing whether McGraw-Hill will file that version of the document with this Court, whether it will file some modified version of the document, or, indeed, whether it will file any document at all.

[4] McGraw-Hill did not need to create this conundrum. McGraw-Hill could have filed either the Opposition under seal or a portion of its Opposition under seal. Because McGraw-Hill decided to do neither, the Commission can not determine what portion of its reply should be filed publicly and what portion should be filed under seal. Should the Court grant the Commission's motion to seal, McGraw-Hill will have to file a revised Opposition which will require that the Commission be provided five (5) days to respond to McGraw-Hill's revised Opposition.

Commission's *Application*, the Commission's investigation of Energy Company,[5] and, consequently, the Commission's efforts to protect the public and the energy markets from possible commodity price manipulation in violation Section 9(a)(2) of the Commodity Exchange Act, 7 U.S.C. § 13(a)(2) (2002).

11. This Court should reject McGraw-Hill's apparent willingness to delay resolution of this matter by unilaterally deciding its own filing dates. It now has been more than forty (40) days since the Commission filed its *Application* requesting this Court's assistance in enforcing that Subpoena (and nearly six (6) months since the Commission issued the Subpoena requesting documents and information necessary to the Commission's investigation of Energy Company, without McGraw-Hill producing a single responsive document not publicly available). McGraw-Hill has had every opportunity, and more than enough time, to file an Opposition with this Court. Its failure to do so should be treated as conceding the merits of the Commission's *Application*.

12. Accordingly, the Commission respectfully requests that this Court enter an Order (i) granting this Motion; (ii) granting the Application; and (iii) requiring that McGraw-Hill fully comply with the Subpoena forthwith.

13. A copy of the Proposed Order granting this Motion is attached hereto.

14. In the alternative, the Commission respectfully requests that this Court enter an Order (i) requiring McGraw-Hill to file with this Court its Opposition to the *Application* within twenty-four (24) hours of this Court's ruling on this Motion; and (ii) permitting the Commission to file a reply memorandum to any such Opposition to the *Application* five (5) business days

---

[5] Energy Company is identified in the *Banar Declaration* which was submitted with the Commission's *Application*.

after the Commission receives (a) notice that McGraw-Hill has filed such a document with this Court and (b) service upon the Commission of the document so filed.

## CONCLUSION

WHEREFORE, the Commission respectfully requests that this Court enter an Order:

(1) Granting this Motion and deeming the *Application* conceded;

(2) Granting the Commission's *Application*; and

(3) Requiring McGraw-Hill to comply with the Subpoena, in its entirety, within thirty (30) days of entry of this Order.

Dated: June 13, 2007
Washington, D.C.

Respectfully submitted,

Kim G. Bruno (D.C. Bar No. 389899)
Kathleen M. Banar (Ill. Bar No. 6200597)
United States Commodity Futures
Trading Commission
1155 21st Street, N.W.
Washington, D.C. 20581
202.418.5000
202.418.5531 (facsimile)

## CERTIFICATE OF SERVICE

I, Kim G. Bruno, hereby certify that on June 13, 2007 I caused a copy of (1) *U.S. Commodity Futures Trading Commission's Motion To Treat As Conceded Its Application For An Order to Show Cause and An Order Requiring Compliance With Administrative Subpoena*, and (2) *Order Requiring Compliance With Administrative Subpoena*, to be served by Federal Express on counsel for The McGraw-Hill Companies, Inc., Carolyn K. Foley, Esq., Davis Wright Tremaine LLP, 1633 Broadway, New York, New York, 10019.

Kim G. Bruno

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of an Application to Enforce Administrative Subpoena of the<br><br>U.S. Commodity Futures Trading Commission,<br><br>Applicant,<br><br>v.<br><br>The McGraw-Hill Companies, Inc.<br><br>Respondent. | Case No.: 1:07-mc-00169 (MISC.)<br>Assigned To: Urbina, Ricardo M. |

## **DECLARATION OF KIM G. BRUNO**

I, Kim G. Bruno, under oath, do hereby depose and state as follows:

1. I am an attorney with the Division of Enforcement of the U.S. Commodity Futures Trading Commission ("Commission" or "CFTC"). I make this declaration in support of the Commission's *Motion To Treat As Conceded Its Application For An Order to Show Cause and An Order Requiring Compliance With Administrative Subpoena*. This declaration is based on personal knowledge unless stated otherwise in which case my statements are based on information and belief.

2. On June 6, 2007, I participated in a conference call with Carolyn K. Foley, counsel for The McGraw-Hill Companies, Inc. ("McGraw-Hill") and Kathleen M. Banar. Ms. Banar asked Ms. Foley whether McGraw-Hill had filed an opposition to the Commission's *Application* and, if so, whether the filing had been made under seal. Ms.

Foley responded that McGraw-Hill had not filed an opposition and that she was "not sure" whether McGraw-Hill's opposition would be filed under seal.

3.    A true and accurate copy of an email dated June 11, 2007 from Kathleen M. Banar to Carolyn K. Foley (counsel for McGraw-Hill) is attached hereto as Attachment A.

4.    A true and accurate copy of an email dated June 11, 2007 from Carolyn K. Foley to Kathleen M. Banar is attached hereto as Attachment B.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 13, 2007.

_____
Kim G. Bruno

2

**ATTACHMENT A**

## Bruno, Kim

| | |
|---|---|
| **From:** | Banar, Kathleen |
| **Sent:** | Monday, June 11, 2007 1:14 PM |
| **To:** | Foley, Carolyn |
| **Cc:** | Bruno, Kim |
| **Subject:** | CFTC v. McGraw-Hill Companies, Inc. |

Carolyn,

Have you yet filed with the Court McGraw-Hill's Memorandum and supporting exhibits in Opposition to the Rule to Show Cause?

**Kathleen M. Banar**
Chief Trial Attorney
U.S. Commodity Futures Trading Commission
Division of Enforcement
1155 21st Street, N.W.
Washington, D.C. 20851
(202) 418-5335 (phone)
(202) 418-5531 (fax)

This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

**ATTACHMENT B**

**Bruno, Kim**

**From:** Foley, Carolyn [carolynfoley@dwt.com]
**Sent:** Monday, June 11, 2007 1:37 PM
**To:** Banar, Kathleen
**Cc:** Bruno, Kim
**Subject:** RE: CFTC v. McGraw-Hill Companies, Inc.

Kathy,

No, we have not yet filed.

**Carolyn K. Foley**
Davis Wright Tremaine LLP
1633 Broadway, 27th Floor
New York, NY 10019
Tel: (212) 603-6472 | Fax: (212) 489-8340

Email: carolynfoley@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

---

**From:** Banar, Kathleen [mailto:kbanar@cftc.gov]
**Sent:** Monday, June 11, 2007 1:14 PM
**To:** Foley, Carolyn
**Cc:** Bruno, Kim
**Subject:** CFTC v. McGraw-Hill Companies, Inc.

Carolyn,

Have you yet filed with the Court McGraw-Hill's Memorandum and supporting exhibits in Opposition to the Rule to Show Cause?

*Kathleen M. Banar*
Chief Trial Attorney
U.S. Commodity Futures Trading Commission
Division of Enforcement
1155 21st Street, N.W.
Washington, D.C. 20851
(202) 418-5335 (phone)
(202) 418-5531 (fax)

This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.