UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of an Application to )<br>Enforce Administrative Subpoena of the )<br> )<br>U.S. Commodity Futures Trading Commission, )<br> )<br>                    Applicant, )<br> )<br>v. )<br> )<br>The McGraw-Hill Companies, Inc. )<br> )<br>                    Respondent. )<br> ) | Case: 1:07-mc-00169 (MISC.)<br>Assigned To: Urbina, Ricardo |

**U.S. COMMODITY FUTURES TRADING COMMISSION'S RESPONSE TO MCGRAW-HILLS' MOTION FOR LEAVE TO FILE OPPOSITION PAPERS TO THE CFTC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MAINTAINING THE SEAL ORDER**

The U.S. Commodity Futures Trading Commission ("Commission" or "CFTC") submits this response to The McGraw-Hill Companies, Inc.'s ("McGraw-Hill") motion for leave to file its opposition papers to the Commission's memorandum of points and authorities in support of maintaining the seal order entered by this Court on May 30, 2007 ("May 30 Seal Order"), and states:

1.     On July 26, 2007, the Commission filed under seal supplemental papers ("July 26 Notice") relevant to this action. [Docket No. 20.]

2.     On August 2, 2007, McGraw-Hill filed what it termed was a "response" to the July 26 Notice but in actuality was a motion ("August 2 Motion") under Civil Local Rule 7(a) because in its papers it requested affirmative relief that the Court lift in total the Court's May 30 Seal Order on the grounds that the Commission's June 26 Notice and

attached supplemental papers, and McGraw-Hill's August 2 Motion and attached supplemental papers, purportedly "render unnecessary" this Court's May 30 Seal Order. August 2 Motion at ¶ 3. [Docket No. 21.]

3.  In light of McGraw-Hill's request in its August 2 Motion essentially to lift the May 30 Seal Order, on August 10, 2007, the Commission filed a paper with the Court requesting that the Court allow it to file by Thursday, August 16, 2007, a document identifying for the Court and McGraw-Hill all exhibits or other information, if any, contained in its prior submissions that it believes should remain under seal. In other words, the Commission requested that it be allowed to file any opposition that it had to the August 2 Motion no later than August 16, 2007. [Docket No. 22.]

4.  Despite its best efforts to meet the August 16, 2007 deadline to file its opposition to the August 2 Motion, the Commission was unable to do so and accordingly sought leave from the Court to file its opposition one day late as there was no prejudice to McGraw-Hill.

5.  On August 17, 2007, the Commission conferred with McGraw-Hill regarding its motion for leave and provided it a copy of its motion along with its memorandum in support of maintaining the May 30 Seal Order (*i.e.*, the opposition to the August 2 Motion).[1] McGraw-Hill would only consent to the Commission's motion for leave to file one day late if the Commission simultaneously would agree to consent to McGraw-Hill filing a reply to the Commission's memorandum in support and its request

---

[1] In the Commission's Motion for Leave filed on August 17, 2007, which was not lodged under seal, the Commission inadvertently identified the caption of the lawsuit it filed against Energy Company, including the name of the Company. In its last filing with this Court (*i.e.*, its Motion for Leave), McGraw-Hill similarly identified the caption of the Commission's lawsuit against Energy Company, including the name of the Company, which also was not lodged under seal. The Commission assumes that this was equally inadvertent. Both parties recognize that no portion of the Court's May 30 Seal Order yet has been lifted by this Court and for the reasons set forth in its August 17, 2007 filing, the Commission opposes a wholesale lifting of the seal.

2

for a hearing no later than September 6, 2007. The Commission declined McGraw-Hill's request because Local Rule 7(d) only allows five days in which to file a reply after service of an opposition and the Commission believed that to allow McGraw-Hill almost two additional weeks to file its reply would unduly delay these proceedings. [Docket No. 23.]

6.   Accordingly, the Commission has no objection to McGraw-Hill filing a reply to the Commission's Opposition within the time permitted by Local Rule 7(d) (assuming, of course, that the Court grants the Commission's request for leave to file its memorandum one day late), but the Commission does not believe that McGraw-Hill should be allowed to delay these proceedings any longer, and as such, opposes the two week extension that it is seeking.

Dated: August 23, 2007
Washington, D.C.

Respectfully submitted,

_____
Kathleen M. Banar (Ill. Bar No. 6200597)
Kim Bruno (D.C. Bar No. 389899)
United States Commodity Futures Trading Commission
1155 21st Street, N.W.
Washington, D.C. 20581
202.418.5000
202.418.5531 (facsimile)

## CERTIFICATE OF SERVICE

I, James W. Deacon, hereby certify that on August 23, 2007, I electronically filed the foregoing *U.S. Commodity Futures Trading Commission's Response to McGraw-Hill's Motion for Leave to File Opposition Papers to the CFTC's Memorandum of Points and Authorities in Support of Maintaining the Seal Order* with the Clerk of Court using CM/ECF filing system which will automatically send email notification of such filing to the attorneys of record for McGraw-Hill.

_____
James W. Deacon (D.C. Bar No 476216)
United States Commodity Futures
Trading Commission
1155 21st Street, N.W.
Washington, D.C. 20581
202.418.5000
202.418.5531 (facsimile)